**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| TROYDRICK HORTON, <br> aka RICKY HORTON, | * |
| | *   Civil Action No. PWG-19-1902 |
| Plaintiff | * |
| v | * |
| SGT. JARED ZAIS, | * |
| Defendant | * |

*****

## MEMORANDUM OPINION

Maryland inmate Troydrick Horton, aka Ricky Horton, filed a verified Complaint with a verified Attachment in this civil rights action, alleging that he was physically assaulted by a correctional officer while housed at North Branch Correctional Institution. Compl., ECF No. 1-1; Att., ECF No. 1-1.[1] He claims excessive force, denial of due process, battery, negligence, gross negligence, and violation of the Maryland Declaration of Rights. He named Sgt. Jared Zais as the sole Defendant.

Defendant filed a Motion to Dismiss or, in the Alternative, for Summary Judgment, ECF No. 15, along with a Memorandum in Support, ECF No. 15-1, and Plaintiff filed an Opposition, ECF Nos. 19 and 22. The matter is now ripe for review. A hearing is not necessary. *See* Loc. R.

---

[1] Plaintiff claims he is mentally ill and included as exhibits to his Complaint a neurological evaluation dated February 5, 2010 and mental health records from May, 2006. ECF No. 1-2. Mindful of Fed. R. Civ. P. 17(c)(2), I reviewed his filings with an eye towards determining whether it was necessary to appoint a guardian *ad litem* or other individual to represent his interests. Having done so, it is clear that Plaintiff has displayed no inability to clearly articulate his grievances (before this Court and in his requests for administrative review from correctional officials), and has been notably articulate in responding to the evidence and arguments raised by Defendants. For this reason, I have concluded that he is more than able to present his claims and arguments effectively, and that it is unnecessary to appoint a guardian or other individual to represent his interests.

105.6 (D. Md. 2018). For the following reasons, Defendants' Motion will be treated as a Motion for Summary Judgment and will be granted.

## BACKGROUND

The material facts are not in dispute. On September 18, 2017, at approximately 8:57 a.m., Plaintiff was showering in 1-D-134 shower. Records, ECF No. 15-2, pp. 8, 14, 17-22; Video (filed separately) ECF No. 15-3 at 0:00-1:27. Plaintiff and fellow inmate Eulista Dunn, who was showering in the shower next to Plaintiff, aver that a Correctional Officer by the name of Brian Lichliter "provoked" Plaintiff by putting him in a cold shower and calling him names. ECF No. 1-3, p. 2. ¶ 9; ECF No. 1-4, p. 1, ¶ 4. After Plaintiff finished showering and was fully clothed, Lichliter came to the shower and attempted to put handcuffs on Plaintiff. After Lichliter secured the handcuffs to Plaintiff's left wrist, Plaintiff pulled the handcuffs through the security slot into the shower cell and refused to come out. ECF No. 15-3 at 1:27 to 1:40; ECF No. 15-2, p. 4. Plaintiff and Dunn claim that Lichliter told Plaintiff that if he didn't return the handcuffs he was going to notify the sergeant and Plaintiff would pay for causing trouble. ECF No. 1-3, p. 2. ¶ 10; ECF No. 1-4, p. 1, ¶5. Lichliter returned to the shower cell and placed a barrier over the door opening. ECF No. 15-3, 1:57. A short time later, Sergeant Zais and Officer Rounds came onto the tier and removed the barrier. ECF No. 15-3 at 4:08 to 4:20; ECF No. 1-3, p. 3, ¶ 11. The video of the incident does not contain audio but the officers can be seen talking to Plaintiff from 4:08 to 5:20 while Plaintiff swings his arms back and forth. ECF No. 15-3. Dunn recounts that Rounds told Plaintiff to cuff up and give the handcuffs back or get sprayed. ECF No. 1-3, p. 3, ¶ 12. Plaintiff responded by telling Rounds "to go fuck himself" and Zais used a two second burst of pepper spray.[2] *Id.*; ECF No. 15-3 at 5:10-5:12  Thereafter Plaintiff complied with the orders to

---

[2] Plaintiff has provided an affidavit from Eulista Dunn (ECF Nos. 1-3) who asserts that he

2

be handcuffed and was escorted for medical evaluation. ECF No. 15-3 at 5:29. Plaintiff refused medical treatment but received a decontamination shower. ECF No. 15-2, pp. 14, 17, 21-22, 25.

The following day, Plaintiff filed an administrative remedy procedure complaint ("ARP") alleging Zais used excessive force during the incident. ECF No. 15-2, pp. 42-43. The matter was referred to the Intelligence and Investigative Division (IID). *Id*., pp. 2, 42. The assigned investigator interviewed the involved officers and Plaintiff. Plaintiff admitted that he disobeyed an order, snatched the handcuffs from Lichliter, and used profanity toward Zais. *Id*., pp. 9-10. He denied the officer's reports that he banged the handcuffs against the shower walls (*id*.) and the video is inconclusive as to whether he did so. ECF No. 15-3. In determining that the amount of force used was within reason, the investigator noted that force is authorized to have a non-compliant inmate comply with a lawful order. ECF No. 15-2, pp. 9 and 47. As a result of the incident, Plaintiff received an inmate rule infraction charging him with using threatening language,

---

witnessed the events that took place in the shower area and thereafter. He expresses the opinions that Plaintiff "was not a threat"; that "Sergeant Zias was not conducting a lawful extraction," that "[t]here was no need to pepper spray" Plaintiff, and that Zias' "reason for doing so is not justified." *Id.* at ¶ 13. Elsewhere, he expressed the opinion that the reason for Zias' pepper spraying Plaintiff was "retaliation" for Horton using profanity towards another Correctional Officer, Officer Rounds. *Id.* at ¶ 12. While a proper affidavit may be used as evidence to demonstrate there is a genuine dispute of material fact, the affiant must have personal knowledge of the facts set forth in the affidavit, or, if expressing an opinion (as Dunn was doing in the above referenced paragraphs), do so in a form that is admissible under Fed. R. Evid. 701 as a lay opinion, or Fed. R. Evid. 702, as an expert, in order to be in a form that is admissible at trial, as required by Fed. R. Civ. P. 56. Dunn is an inmate at NBCI and his affidavit does not demonstrate that he has any knowledge or training that would render admissible any of his opinions about the proper use of force, or Sergeant Zias' motives in doing so. Therefore, his opinion testimony on this topic would not be admissible at trial under Fed. R. Evid. 702. Neither would it be admissible under Fed. R. Evid. 701, because opinions relating to when and how use of force is legally justified are "technical, or other specialized knowledge within the scope of Rule 702," and therefore beyond the reach of Fed. R. Evid. 701. Fed R. Evid. 701(c). It follows that his inadmissible opinions do not create a genuine dispute of material fact that would preclude imposing summary judgment. *See id*.; Fed R. Evid. 701, 702. Similarly, the opinions expressed by Dunn in the second affidavit, ECF No. 19-4, he submitted (as an exhibit to the Plaintiff's opposition to Zias' motion" are similarly inadmissible.

possessing and misusing security equipment, interfering and resisting, and disobeying an order. *Id.*, p. 23. He plead guilty to possessing/tampering with security equipment and disobeying an order. He received 90 days of disciplinary segregation. *Id.*, p. 52.

## STANDARD OF REVIEW

Defendant's motion will be treated as one for summary judgment under Federal Rule of Civil Procedure 56. Defendant has submitted materials outside the original pleadings and Plaintiff was given the opportunity to object or otherwise respond to such evidence. *See Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007).

A motion for summary judgment is granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In this inquiry, a court must consider the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 312 (4th Cir. 2013); *see also Scott v. Harris*, 550 U.S. 372, 378 (2007). District courts must "thoroughly analyze[ ]" even an unopposed motion for summary judgment. *Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 380 (4th Cir. 2013) (citing *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 409 n.8 (4th Cir. 2010)). "Although the failure of a party to respond to a summary judgment motion may leave uncontroverted those facts established by the motion, the moving party must still show that the uncontroverted facts entitle the party to 'a judgment as a matter of law.'" *CX Reinsurance Co. Ltd. v. Heggie*, ELH-15-1674, 2016 WL 6025488, at *5 (D. Md. 2016) (quoting *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993)).

## DISCUSSION

Whether force used by prison officials was excessive is determined by inquiring if "force

was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). Consideration of a defendant's mental state is key to a constitutional claim, because "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock." *Whitley v. Albers*, 475 U.S. 312, 319. Factors to consider in determining whether the force employed was excessive include: the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response. *Whitley*, 475 U.S. at 321.

In the context of the use of pepper spray by prison staff,

> [i]t is generally recognized that it is a violation of the Eighth Amendment for prison officials to use mace, tear gas or other chemical agents in quantities greater than necessary or for the sole purpose of infliction of pain." *Iko v. Shreve*, 535 F.3d 225, 240 (4th Cir. 2008) (quoting *Williams v. Benjamin*, 77 F.3d 756, 763 (4th Cir. 1996) (emphasis omitted). The use of pepper spray is not "per se a cruel and unusual punishment." *McCargo v. Mister*, 462 F.Supp. 813, 818 (D.Md.1978). It may be used in order to control recalcitrant inmates. *Williams*, 77 F.3d at 763. Analysis regarding the amount of chemical agent used focuses, as with all other excessive force claims, on whether the Defendant acted with a sufficiently culpable state of mind. *Iko*, 535 F.3d at 238 (4th Cir. 2008) (citations omitted) (holding correctional officer not entitled to qualified immunity where additional chemical agent was deployed into inmate's cell after inmate attempted to comply with officer's order, did not react violently, and officer failed to remove inmate's clothes or secure medical care for inmate after chemical agent exposure).
>
> Eighth Amendment violations have been found where an officer used more than a reasonable amount of a chemical agent. *See, e.g.*, *Furnace v. Sullivan*, 705 F.3d 1021, 1025 (9th Cir. 2013) (finding Eighth Amendment violation where officer discharged can of pepper spray until empty, and other officer also joined in); *Lawrence v. Bowersox*, 297 F.3d 727, 732 (8th Cir. 2002) (same, where prisoner's entire cell was doused in pepper spray using fire-extinguisher-like

5

device); *DeSpain v. Uphoff*, 264 F.3d 965, 978 (10th Cir. 2001) (same, where
officer indiscriminately sprayed entire prison tier).

*Kitchen v. Ickes*, 116 F. Supp. 3d 613, 625–26 (D. Md. 2015), *aff'd*, 644 *Fed. App'x* 243 (4th Cir. 2016).

The record before the Court demonstrates that Zais did not use excessive force in extracting Plaintiff from the shower cell. Plaintiff admits that not only did he fail to comply with orders to be handcuffed, but more importantly that with one wrist cuffed he snatched the handcuffs away from the officer into the shower cell where he refused to come out. Plaintiff's possession of the handcuffs clearly created a security threat to officers and the institution. The video evidence shows that when Rounds and Zais appeared at Plaintiff's shower cell door they spoke to him for over a minute while Plaintiff stood away from the door swinging his arms and clapping his hands. Statements and affidavits prepared in conjunction with the use of force demonstrate that Plaintiff was given opportunities to comply with the orders to be handcuffed but refused to comply.[3] A short burst of pepper spray was deployed through the door slot. Plaintiff was then immediately handcuffed, taken to the medical unit and provided a decontamination shower. Clearly, on the record before the Court, Zais' use of force was tempered and necessary to gain Plaintiff's compliance with lawful orders and to secure the handcuffs which Plaintiff could have used as a weapon against staff or property. The amount of force applied, a two second burst of pepper spray, was proportional to the need to restore order and security. Plaintiff's conclusory allegations that Zais acted maliciously are not supported by Plaintiff's own admissions of his conduct, nor are they

---

[3] Even if Zais failed to comply with Division of Corrections Use of Force Manual, as Plaintiff alleges (ECF No. 18, pp. 4-5), such failure alone does not rise to a constitutional claim. *See Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996) (violation of prison policy alone does not state constitutional claim); *Kitchen v. Ickes*, 116 F. Supp. 3d 613, 629 & n.6 (D. Md. 2015) (citing *Myers*).)

supported by the video evidence. Zais is entitled to summary judgment.[4]

## CONCLUSION

For the foregoing reasons, Defendant's dispositive Motion, construed as a Motion for Summary Judgment is granted. A separate Order follows.

November 4, 2020  /S/
Date  Paul W. Grimm
 United States District Judge

---

[4] To the extent Plaintiff raises state tort and constitutional claims, the Court declines to exercise supplemental jurisdiction. *See* 28 U.S.C. §1367(c)(3); *United Mine Workers v. Gibbs,* 383 U.S. 715, 726 (1966).